IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULY JUSTINE SHELBY, <br> (BOP No.15472-028), <br>     Plaintiff, <br><br> v. <br><br> WARDEN J. PETRUCCI, et al., <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br>Civil Action No. 4:23-cv-358-O |

## ORDER OF TRANSFER

On April 4, 2023, FMC-Carswell inmate/Plaintiff July Justine Shelby filed a short civil complaint in the United States District Court for the Southern District of New York. Compl.1-2, ECF No. 1. That court transferred the case to the Northern District of Texas. ECF No. 2. This Court then issued an order directing Shelby to cure several deficiencies within 30 days. ECF No. 6. Although Shelby filed a "Motion to Reconsider Transfer Order," this Court denied that motion when the only operative pleading was the original complaint. ECF Nos. 7 and 8. In response to the deficiency order, however, Shelby has now filed an amended complaint and an in-forma-pauperis motion. ECF Nos. 9 and 10. An amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (same).

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. 1406(a). Likewise, under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district or division where it might have been brought, for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a).

1

In this case, Shelby is confined at FMC-Fort Worth within the jurisdiction of this Court. In the original two-page document construed by the Southern District of New York, Shelby named as the only defendant FCI-Otisville Warden J. Petrucci, but also included general allegations about the lack of care at FMC-Carswell where she was subsequently transferred. Compl. 2, ECF No. 1. In the amended complaint, however, Shelby deletes those allegations, and instead raises only allegations regarding the care she received at the FCI in Otisville, New York, and at the Metropolitan Detention Center in Brooklyn, New York. Am. Compl., ECF No. 9. In this regard, Shelby lists nine defendants, the bulk (seven) of which are identified as located at FCI-Otisville. Am. Compl. 2-6, ECF No. 9. And, the majority of Shelby's allegations arise from this detention. *Id.* at 9.

Otisville, New York is in Orange County, which lies within the United States District Court for the Southern District of New York. 28 U.S.C. § 112(b). As the bulk of Shelby's factual allegations arise in Otisville, New York, and the bulk of the defendants are identified as being located there, this Court finds that in the interest of justice, this case should be transferred back to the United States District Court for the Southern District of New York.

It is therefore **ORDERED** that this case be, and is hereby, **TRANSFERRED** to the United States District Court for the Southern District of New York.[1]

**SO ORDERED** this **24th day** of **May, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] Shelby's in-forma-pauperis motion (ECF No. 10) will be addressed in the transferee court.