UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULY JUSTINE SHELBY

                Plaintiff,

-v-

PETREUCCI et al.,

                Defendants.

23-CV-4315 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

       Plaintiff July Justine Shelby ("Plaintiff"), currently an inmate at Federal Medical Center Carswell, brings this pro se action, against: (1) Otisville Warden Petreucci; (2) Otisville Warden W.S. Pliler; (3) Otisville Medical Director Dr. A. Linley; (4) Otisville Health Services Administrator Mr. Walls; (5) Otisville Officer Hannah; (6) Otisville Officer Z. Hurn; (7) Otisville Officer Christiansen; (8) MDC Brooklyn Warden Washington; and (9) Dr. Alex McLearen, Federal Bureau of Prisons, Director, Womens Offender Bureau, Chair, Transgender Executive Counsel (collectively, "Defendants"). Plaintiff alleges that Defendants violated her federally protected rights during her incarceration at F.C.I. Otisville, in Orange County, New York, and the Metropolitan Detention Center ("MDC"), in Brooklyn, New York. (Amended Comp. (Dkt. No. 9).) Plaintiff seeks actual damages in the amount of $100,000 per Defendant, punitive damages in the amount of $100,000 per Defendant, compensatory damages in the amount of $1,000,000, and all costs and expenses incurred by Plaintiff in bringing this suit. (*Id.* at 9.) On July 12, 2023, this Court granted Plaintiff's request to proceed in forma pauperis. (Dkt. No. 16.)

       On September 27, 2023, Plaintiff filed a Motion seeking appointment of counsel. (*See* Dkt. No. 34.) Plaintiff alleges that "she is housed in the maximum security unit known as

Administrative Segregation" and therefore, "has very limited and restrictive resources with which to prosecute this case." (*Id.* at 1.) Further, she states that her counsel in other cases filed in this Court "has declined her invitation to further represent her in this cause of action." (*Id.*) Finally, Plaintiff contends that she is "indigent . . . which disables her from purchasing photocopies, legal envelopes as well as postage in excess of the five stamps provided to her by FMC Carswell," and that "this will be insufficient to correspond with the Court when the time comes to file and respond to motions and orders." (*Id.* at 2.) For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, assuming arguendo that Plaintiff's claims are likely to be of substance, Plaintiff fails to provide adequate justification for appointment of counsel in her case at this stage.[1] Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing

---

[1] For the purposes of the instant request, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted).

3

her case without the assistance of counsel. In fact, the only reason Plaintiff presents to support her request is her lack of access to resources, including photocopies, legal envelopes and postage, which may make it difficult for her to correspond with the Court in the future. Although, the Court acknowledges that Plaintiff's "incarceration obviously presents an obstacle for [her] prosecution of the case," her concern does not demonstrate a present difficulty that requires appointment of counsel. *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006). To the extent Plaintiff incurs difficulty in litigating this matter in the future, she may refile her motion.

In any event, Plaintiff does not indicate that she has sought to obtain counsel for this matter, other than unsuccessfully asking counsel representing her in her other cases to represent her in this matter. Because Plaintiff has not demonstrated that she has made effort to engage counsel, her request should be denied. *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("Since [the] [p]laintiff has not demonstrated sufficient efforts to obtain counsel, his motion must be denied.").

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y.

2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

    For the reasons stated above, Plaintiff's request for appointment of counsel is denied without prejudice. Plaintiff may renew her request and provide the Court with additional information regarding her changes circumstances. The Clerk is directed to terminate the pending Motion (Dkt. No. 34) and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 10, 2023
       White Plains, New York

                                              KENNETH M. KARAS
                                          United States District Judge