UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE HONORABLE KENNETH M. KARAS

---

JULY JUSTINE SHELBY, 15472-028 )   Case No: 23 Civ. 4315 (KMK)
Federal Medical Center,        )
Carswell, Texas 76127          )
                               )
            Plaintiff,         )
                               )
        -v-                    )
                               )
Warden J.C. Petrucci,          )
Warden W.S. Pliler,            )
Dr. Alphonse Linley,           )
HSA B. Walls,                  )
Drew Elliot Hannah,            )
Zakkary Hurn,                  )
Eric Christiansen,             )
Warden Washington, MDC Brooklyn, )
Dr. Alix McLearen, Federal Bureau )
of Prisons, Director, Women's  )
Offender Bureau, Chair,        )
Transgender Executive Counsil, )
                               )
            Defendants.        )



---

## COMPLAINT

I. PREVIOUS LAWSUITS:

    A. July Justine Shelby, Hereinafter "Shelby", Plaintiff, pro se has previously filed two Federal Habeus Corpus complaints under §2241, both in the Southern District of New York concerning the conditions of her confinement. Defendant(s) listed in the above caption are all either Defendants or parties under Case(s) 19-cv-2020 (VSB) and 20-cv-3233 (VSB) which were combined under an order from Judge Broaderick and assigned to Mr. Jeffery Pittell, 42-40 Bell Blvd. Suite 302, Bayside, NY 11361 as pauper counsel.

II. LEGAL BASIS FOR CLAIM:

    A. Having exhausted any and all avenues of administrative remedies as accepted by the Court in her other previous lawsuits related to the circumstances brought forth in this claim as required under <u>Blevins v. FCI Hazelton Warden</u>, 819 F. App'x 853, 856 (11 Cir. 2020), Shelby brings this

claim under <u>Bivens</u> v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.CT. 1999, 29 L. Ed. 2d 619 (1971) (applicable to federal actors).

Shelby asserts that the Defendant(s) individually and collectivly violated her Eighth Amendment Right to be free from cruel and unusual punishment as decided by the Second Circuit, Judge Broaderick in case(s) 19-cv-2020 and 20-cv-3233 (VSB) on November 1, 2022.   * see addendum

All events included herein occured at either FCI Otisvills, NY or MDC Brooklyn, NY, both institutions within the jurisdiction of this Court.

III. PLAINTIFF INFORMATION:

    A. July Justine Shelby USBOP Reg # 15472-028

    B. Bill O. McClain Jr. Indiana DOC # 852486  (Petitioner is a transgender woman who underwent legal name and gender change in the State of Indiana).

Shelby is currently housed at the Women's Federal Medical Center at Carswell, TX. P.O.Box 27137 Ft. Worth, TX 76127

IV. PRISONER STATUS:

    Shelby is a convicted and sentenced inmate of the Federal Bureau of Prisons.

V. DEFENDANT INFORMATION:

Defendant 1: James C. Petrucci, Warden, FCI Otisville, NY Orange County, New York 10963

Def. 2: William Pliler, Attn- Legal Department

MDC Brooklyn, 80 29th Street

Brooklyn, New York 11232

Def. 3: Dr. Alphonse Linley, Medical Provider FCI Otisville, NY Orange County, NY 10963

Def. 4: Officer Drew Elliot Hannah, Attn- Legal Department

MDC Brooklyn, 80 28th Street

Brooklyn, New York 11232

Def. 5: Officer Zakkary Hurn

FCI Danbury

33 1/2 Pembroke Rd.

Danbury, CT 06811

Def. 6: Officer Eric Chrisitansen

USP Canaan

3057 Eric J. Williams Memorial Dr.

Waymart, PA 18472

Def. 7: B. Walls, Health Service Administrator, FCI Otisville, NY Orange County, New York 10963
Def. 8: Warden Washington, Warden MDC Brooklyn, (Sept.9,2022)
Attn- Legal Department
MDC Brooklyn, 80 29th Street
Brooklyn, New York 11232
Def. 9: Dr. Alix McLearen, Director Women Offender Bureau, Chair Transgender Executive Counsil 401 1st Street NW, Washington, D.C. 20534

VI. STATEMENT OF CLAIM:
The events to be presented occurred between October, 2017 and November, 2023. These events were perpetrated by the defendant(s) within the authority of the United States Bureau of Prisons at Otisville, New York and Brooklyn, New York. There are aspects that continue to the present date that will be ascribed to Defendant Alix McLearen.

FACTS:
#1. As the supervising authority for all staff employed by the Federal Bureau of Prisons, (hereinafter "BOP") at FCI Otisville, Warden Petrucci is accountable for the training and implimentation of BOP policies and proceedures as well as all "local rules". By failing to fully carry out his responsibilities to his staff and minding his duties to protect the inmate population assigned to his facility, he violated Shelby's Eighth Amendment Right to be free from cruel and unusual punishment under the U.S. Constitution.
#2. As the supervising authority for all staff employed by the BOP at FCI Otisville, Warden William Pliler is accountable for the training and implimentation of BOP policies and proceedures as well as "local rules". By failing to fully carry out his responsibilities to his staff and minding his duties to protect the inmate population assigned to his facility, he violated Shelby's Eighth Amendment Right to be free frtom cruel and unusual punishment under the U.S. Constitution.
#3. B. Walls, Health Service Administrator, FCI Otisville was the administrative officer in charge of all health care services within FCI Otisville. He is their policy expert where health care issues are concerned. In an e-mail to Shelby, Walls admitted that she was the "first person the

facility had dealt with on gender-affirming issues and the facility was not prepaired to treat her serious medical conditions related to her diagnosed condition of Gender Dysphoria". BOP Policies require that facilities housing transgender inmated have on staff or accessable qualified medical staff to treat this recognised health condition. Walls did not provide such services and as a result, Shelby suffered irreparable harm, both physically as well as psychological injuries, thereby violating her right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

#4. Dr. Alphonse Linley, Medical Director/Primary Care Provider at FCI Otisville failed to provide Shelby "reasonable care" for her medical condition of gender dysphoria. Dr. Linley admitted to Shelby that he was not trained to care for transgender patients and therefore relied upon Shelby to provide him with statistical information regarding medication levels and treatment protocol. Even with that help, Linley failed to ensure Shelby was seen by specialists such as endocranologists which are imperative in prescribing cross-gender hormones. When Shelby was quarintined with COVID-19 Linley waited until she had bi-lateral pneumonia before treating her conditions and moving her to Orange Regional Hospital in Middletown New York, not once, but twice. Shelby suffered the effects of Long-COVID for eighteen months under Linley's deficient care.

#5. Correctional officer Drew Elliot Hannah, while employed at FCI Otisville in early 2018, on Shelby's second day on the compound, as she was departing the dining hall after the noon meal, ordered her to present herself for pat-search. Shelby informed Hannah that she was a transgender female to which Hannah replied "What's that got to do with me? You be glad you're in America where you can get away with that shit." Defendant Hannah then proceeded to frisk search Shelby and when he came to her breasts, he paused and groped her with a hand on each breast. Shelby pulled away and immediatly reported Hannah to Lt. Meyers in the lieutenant's office. Defendant Hannah then harrassed Shelby for the next six months until she filed a PREA Complaint with the Inspector General for the BOP. Only then did FCI Otisville staff intercede and order Hannah to stay away from her and refrain from harrassing her. Hannah was reportedly told by seven lieutenants that if he needed to deal with Shelby he was to call either a female officer or a lieutenant. Soon thereafter, when Shelby was suffering a mental health crisis, Hannah

responded to the call and ordered Shelby to cuff up. Shelby refused and was given an incident report for doing so, despite the administration's previous orders. Defendant Hannah's actions violated both the Congressional Prison Rape Elimination Act as well as Shelby's right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

#6. Officer Zakkary Hurn, while employed at FCI Otisville, routinely and repeatedly engaged in inappropriate sexual harrassment as well as filing false incident reports in response to Shelby's reporting his behaviour to facilitie's Special Investigator, Ofc. Clements. Defendant Hurn took it upon himself to tell Ms. Shelby "You have a penis, you're in a man's facility, act like a man." and engaged in calling Shelby a "Faggot" among other disparaging remarks, "deadnaming" her in the presence of both staff and inmates. These incidents were timely reported to multiple staff members and are a matter of record in the Second District Court. Defendant Hurn was removed from Shelby's unit for six months and on his first day back on unit G-B within twenty minutes, Hurn did falsely accuse Shelby and another inmate of engaging in inappropriate sexual acts and had both inmates confined in the Secured Housing Unit (SHU) where they remained for ten days (it was during this time period Shelby was exposed to COVID-19 by SHU officers who did not observe health precautions, leading to Shelby's eighteen month Long-COVID infection). Shelby had reported Hurn to both her Psychologist, Dr. Jennifer Ann Bowe as well as SIS investigator Clements who did in fact address the issues and told Hurn to cease and desist. While under investigation for the "Sexual activity" it was found that Hurn had falsely reported the incident in retaliation for Shelby's prior report against him. Shelby's record was expunged and she was returned to general population. Hurn's actions violated Shelby's First, Eighth and Fourteenth Amendment Rights under the U.S. Constitution for Retaliating for redress of grievances and exposing Shelby to cruel and unusual puinishment.

#7. Officer Eric Christiansen, while employed at FCI Otisville did on multiple occasions engage with Defendant Hurn in sexually harrassing Shelby, when he would say "You have a penis! You're in a man's facility, act like a man!" Defendant did repeatedly mis-pronoun Shelby as well as dead-name her in the presence of both staff as well as other inmates. Defendant was reported

to Psychologist Dr. Jennifer Ann Bowe as well as SIS Investigator Clements who did in fact address Christiansen with these accusations and order him to cease and desist. Defendant Christiansen violated Shelby's Eighth Amendment Right to be free from cruel and unusual punishment.

#8. Warden Washington, MDC Brooklyn. On June 28th and 29th, 2022 a hearing was held in the Court of Magistrate Sarah Netburn of the U.S. District Court for the Southern District of New York. This hearing was to address Shelby's §2241 Claims regarding her mistreatment by defendant's named herein. At the conclusion of this hearing, Judge Netburn specifically asked A.U.S.A. representing defendants if Shelby would be safe while awaiting the Court's ruling in her case. The A.U.S.A. answered in the affirmative. On June 30th, 2022, MDC Staff acting under the perview of Warden Washington relocated Shelby from the intake unit where she was safely housed to an all male unit housing gang members and sex offenders. Shelby was assigned to a cell with Shedrick Douglas Anderson, BOP Reg # 46679-044. When Shelby asked the unit officer if she would be safe in the cell with Anderson she was assured that she would be. Mr. Anderson began raping and beating Shelby almost immediatly, denying her the ability to seek help from staff by stalking her every move outside of the cell and threatening her with his status as a member of the notorious Vice Lord gang out of Chicago. Shelby endured this tragedy which can only be described as criminally neglegent indifference on the behalf of the defendants for the next two and a half months until a counselor came to relocate her to another unit. It was only then the Plaintiff was able to report the events and for her report she was housed in SHU Status contrary to PREA Act protocol, denied medical care for another two weeks and not investigated until all physical evidence was gone. Only then did the SIS investigator investigate and report the case "unfounded". The most relevant fact that Defendant Washington ignored was that Anderson was recently convicted of sexually assaulting a twenty year old cellmate, threatening him with a razor and forcing him to perform anal and oral sex acts. Defendant's actions were clearly a case of deliberate indifference as well as criminally neglegent. Warden Washington denied Shelby her Eighth Amendment Rights under the U.S. Constitution by subjecting her to cruel and unusual punishment.

#9. Dr. Alix McLearen, Federal Bureau of Prisons, Women's and Special Populations Director, and Chairperson of the Transgender Executive Counsil, Per FBOP/WASP Policies and Proceedures has the final authority with regards to Ms. Shelby's Facility Designatiion, placement and healthcare. All decisions regarding Shelby since she entered the BOP in 2017 has been reviewed, approved or denied by Dr. McLearen. On numerous occasions, Shelby attempted to address her concerns through McLearen's office with zero response. When Shelby's BOP appointed pshchologist, Dr. Jennifer Ann Bowe attempted to address Dr. McLearen's office she was told to "Stay in her lane". When Defendant's Petrucci and Pliler requested treatment and transfer for Shelby, again, Dr. McLearen told them to "Stay in their lane". Dr. McLearen's assistant, Jenna Epplin, acting under McLearen's authority, transferred Shelby out of the Second District, contrary to Judge Netburn's Orders and when Judge Netburn checked them for this, Epplin had Shelby relocated to FCC Allenwood, PA, an active yard where Shelby's life was threatened because the inmate population did not allow transgender inmates on that compound. Shelby was forced to the SHU on protective custody status until the Court located her and sent the U.S. Marshall's Service to retrieve her. Epplin admitted at the June 28-29th hearing that she knew Shelby would not be safe at that facility. Shelby sent both Epplin as well as McLearen numerous e-mails while at MDC Brooklyn regarding her situation and neither did anything to save her. They left her in a male unit with a convicted rapist, in spite of several doctors, both BOP as well as civilian recommending housing Shelby in a female facility and providing her with Gender Affirming Care. McLearen repeatedly denied Shelby and left her to suffer in unsafe, cruel and unusual conditions that led to Shelby being repeatedly raped, sexually assaulted, harrassed and physically abused by both Staff as well as inmates. Additionally, when the District Court initially recommended housing Shelby at either FMC Lexington, KY or FMC Carswell, TX, both female facilities where she could recieve treatment for her serious medical condition of Gender Dysphoria, McLearen was deliberatly indifferent to Shelby's serious medical needs, ignored the Court and housed Shelby in a

7.

men's facility where she was sexually harrassed and assaulted. McLearen violated Shelby's Eighth Amendment Rights by repeatedly exposing her to cruel and unusual punishment and was criminally neglegent/wreckless in placing and leaving Shelby in hostile environments where her life was put in danger not once but multiple times.

VI.(A) SUMMATION OF CLAIMS:

　　Defendants individually and collectivly disregarded sound correctional policies and proceedures, State and Federal Laws, Acts of Congress and Orders of the U.S. District Courts in their willful and deliberate indifference to Shelby's saftey and security, medical and mental health care as well as basic human rights. Shelby was denied reasonable health care as cited by the Court of the Southern District of New york (see 2022 U.S.Dist.Lexis 146318, 19-cv-2020 (VSB and 20-cv-3233 (VSB) Nov 1, 2022)

VII. INJURIES:

Shelby has lost now six years of her life to the willful and deliberate indifference to her Constitutionally protected rights. She suffers ongoing Post Traumatic Stress Disorder as well as serious health issues related to the sexual assaults and serious mental health issues brought on by the relentless and ruthless behavior of Defendants individual and collective actions.

VIII. RELIEF:

Shelby seeks relief and compensation for actual damages at One Hundred Thousand Dollars per Defendant, Punitive Damages of One Hundred Thousand Dollars per Defendant and One Million Dollars Compensatory Damages collectivly as well as all court costs and expenses incurred by Shelby in the prosecution of this case.

\*(II. LEGAL BASIS FOR CLAIM: Addendum)- Ms. Shelby did exhaust her administrative remedies to the satisfaction of the court. When she was transferred from MDC Brooklyn to FMC Carswell on November 14, 2022 her personal property and legal materials were not forwarded to her at her new facility, a fact she has continuously addressed with FMC Carswell staff to no avail. All evidence of claims herein are a matter of record under 19-cv-2020and 20-cv-3233 (VSB).

IX. **PLAINTIFF'S CERTIFICATION AND WARNINGS**

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated: November 29, 2023

Plaintiff's Signature: Justine Shelby

First Name: July
Middle Initial: Justine
Last Name: Shelby

Reg # 15472-028   FMC Carswell   Po Box 27137
Prison Address

County, City: Ft. Worth,
State: Texas
Zip Code: 76127

Date on which I am delivering this complaint to prison authorities for mailing: 11/29/2023

9.



◇15472-028◇
July Shelby
P.O. Box 27137
FORT Worth, TX 76127
United States

NORTH TEXAS TX P&DC
DALLAS TX 750
30 NOV 2023 PM 10 L

Pro Se Clerk

◇15472-028◇
U S Dst Ct New York Southern
500 Pearl ST
Pro Se Office Rm 230
NEW YORK, NY 10007
United States

RECEIVED
DEC - 5 2023
PRO SE OFFICE

10007-130956

FMC Carswell
P.O. Box 27066
Fort Worth, TX 76127
Mailed: 11-29-23

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification.   (4)