Elizabeth Wolstein
Partner

212 612-0688
ewolstein@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

May 24, 2024

BY ECF FILING
Hon. Kenneth M. Karas
United States District Judge, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:     *Shelby v. Petrucci, et al.*, No. 23-cv-4315 (KMK)

Dear Judge Karas:

This firm represents defendant Zakkary Hurn in the above-referenced *Bivens* action. On behalf of Officer Hurn and co-defendants Drew Elliot Hanna and Erik Christiensen (collectively, "Defendants"), we write respectfully to request a pre-motion conference to discuss Defendants' intended motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. In the alternative, we respectfully request that the Court set a briefing schedule for the anticipated motion.

**The Allegations Of The Complaint**

Plaintiff's *pro se* second amended complaint ("Complaint") asserts Eighth Amendment claims, and a First Amendment claim, against Bureau of Prisons (BOP) officials arising out of her alleged treatment while incarcerated at FCI Otisville and the Metropolitan Detention Center in Brooklyn. Plaintiff is a transgender woman. Defendants are corrections officers employed by BOP and assigned to Otisville at all relevant times.

The Complaint alleges that in early 2018, Officer Hanna ordered Plaintiff to present for a frisk search during which he groped her breasts. Cmplt. ¶ 5. Officer Hanna allegedly "then harassed Shelby for the next six months." *Id.* Subsequently, Officer Hanna allegedly ordered Plaintiff "to cuff up" and when she refused she "was given an incident report." *Id.*

As to Officers Hurn and Christiensen, the Complaint alleges they said to her, "You have a penis, you're in a man's facility, act like a man;" that both "deadnamed" her; and that Officer Christiensen "repeatedly mis-pronoun[ed] Shelby." *Id.* ¶¶ 6, 7. The officers also allegedly engaged in unspecified "sexual harassment" of Plaintiff, *id.*, and Officer Hurn filed unspecified false incident reports, and falsely accused Plaintiff and another inmate "of engaging in inappropriate sexual acts," allegedly "in retaliation for" a prior report by Plaintiff against Officer Hurn. *Id.* ¶ 6.

Based on the foregoing allegations, Plaintiff asserts Eighth Amendment claims against all Defendants and a First Amendment claim against Officer Hurn.

Honorable Kenneth M. Karas
May 24, 2024
Page 2

**The Complaint Fails To State A *Bivens* Claim**

    A.  <u>Plaintiff Has No *Bivens* Remedy As A Matter Of Law</u>

"[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abassi*, 582 U.S. 120, 135 (2017). Under *Ziglar*'s "two-step inquiry" to determine whether a *Bivens* remedy exists, the court first considers whether the case is "different in a meaningful way" from the three original *Bivens* cases. *Id.* at 139. If the case is meaningfully different, no *Bivens* remedy is available "if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 136 (cleaned up). In *Egbert v. Boule*, 596 U.S. 482 (2022), the Court explained that *Ziglar*'s two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* at 492. "If there is a rational reason to think" the answer is yes, "as it will be in most every case . . . [then] no *Bivens* action may lie." *Id.* (cleaned up). Further, if "an alternative remedial structure" exists, "that alone, like any special factor, is reason enough" to preclude a new *Bivens* remedy. *Id.* at 493 (cleaned up).

This case plainly differs in a meaningful way from the Court's Eighth Amendment *Bivens* case, *Carlson v. Green*, 446 U.S. 14 (1980), in which the Court extended *Bivens* to a federal prisoner's claim "that he was denied adequate medical treatment for his asthma, ultimately leading to his death." *Bettis v. Grijalva*, No. 21 Civ. 7505 (GWG), 2023 WL 414869, at *4 (S.D.N.Y. June 23, 2023). Plaintiff's claim does not concern denial of medical treatment; she instead alleges that Officers Hurn and Christiensen made offensive statements and committed unspecified "sexual harassment"; and that Officer Hanna groped her during a frisk search, committed unspecified "harassment," and gave her an incident report. Her legal theory is not deliberate indifference as in *Carlson*, and the alleged harm is entirely different from the severe harm and death suffered by the prisoner in *Carlson*. These substantial differences alone preclude a *Bivens* remedy. *See, e.g., Cohen v. United States*, 640 F. Supp. 3d 324, 338 (S.D.N.Y. 2022) (Eighth Amendment claim "center[ing] on conditions of [plaintiff's] solitary confinement" presented new context), *aff'd*, 2024 WL 20558 (2d Cir. Jan. 2, 2024); *Herrera v. United States*, No. 20-CV-10206 (PKC), 2022 WL 902090, at *8 (S.D.N.Y. Mar. 27, 2022) ("BOP employees' failure to protect inmates from repeated sexual abuse by another BOP colleague or subordinate" was "new context for *Bivens* purposes") (cleaned up). Separately, *Egbert* held "there is no *Bivens* action for First Amendment retaliation." 596 U.S. at 499.

Finally, under *Egbert* "BOP's own four-step administrative remedy program, which provides an alternative" remedial process, independently forecloses a *Bivens* remedy here. *Caraballo v. Pliler*, No. 21-CV-10476 (PMH), 2023 WL 3467185, at *8 (S.D.N.Y. May 15, 2023).

    B.  <u>The Complaint Fails To Allege A Cognizable Eighth Amendment Claim</u>

Even if Plaintiff had a *Bivens* remedy, the Complaint still fails to state an Eighth Amendment claim. A prison official violates the prohibition on cruel and unusual punishment when (1) the

alleged violation is "objectively, sufficiently serious" and (2) he or she acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). None of the purported violations described in the Complaint are "objectively, sufficiently serious" to withstand dismissal. Allegations of verbal harassment without allegations of specific injury, as made against Officers Hurn and Christiensen, are insufficient to state an Eighth Amendment claim. *See, e.g., Bacon v. Evans*, No. 20-CV-6337 (KMK), 2021 WL 5643038, at *11 (S.D.N.Y. Dec. 1, 2021) (citing cases); *Cuoco v. U.S. Bur. of Prisons*, No. 98 CIV. 9009 (WHP), 2001 WL 167694, at *3 (S.D.N.Y. Feb. 16, 2001) (dismissing claim that prison guards made "derisive and derogatory comments" to inmate about sexual orientation). Plaintiff's vague allegations of "Post Traumatic Stress Disorder," "serious" health and mental health "issues" resulting from defendants' actions as a whole are insufficient as a matter of law. *See*, e.g., *Bacon*, 2021 WL 5643038, at *10 (dismissing verbal harassment claim alleging only that plaintiff "sustained serious psychic injuries"); *Timm v. Faucher*, No. 16-CV-00531 (VAB), 2017 WL 1230846, at *6 (D. Conn. Mar. 31, 2017) (dismissing Eighth Amendment claim stemming from verbal harassment and abuse where claimed injury was "severe and foreseeable emotional distress, fear and anguish").

Similarly, the allegations that Officer Hanna groped Plaintiff during a frisk search and wrote an incident report do not rise to an Eighth Amendment violation. *See Crawford v. Cuomo*, 796 F.3d 252, 258 (2d Cir. 2015) ("not every malevolent touch by a prison guard gives rise to a federal cause of action"); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (no Eighth Amendment violation where conduct is not "severe enough to be objectively, sufficiently serious" or "cumulatively egregious"). And conclusory allegations against Officers Hurn and Christiensen of unspecified sexual harassment "will not suffice to [defeat] a motion to dismiss." *Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018). Finally, in the context of a First Amendment retaliation claim, the filing of an alleged false accusation against an inmate is "insufficient by itself to demonstrate injury," absent any allegation that he was "wrongly punished" as a result, which is not alleged here. *Bilal v. White*, 494 F. App'x 143, 147 (2d Cir. 2012).

### C. The Bulk Of The Claims Against Officer Hanna Are Time Barred

Finally, Plaintiff's *Bivens* claims against Officer Hanna based on the alleged groping and unspecified sexual harassment are time-barred. *Bivens* claims arising in New York have a three-year statute of limitations. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987). Plaintiff filed her original complaint on April 4, 2023. Thus, all claims deriving from acts that allegedly occurred before April 4, 2020, are time-barred.

The bulk of Plaintiff's allegations against Officer Hanna arise from an incident allegedly occurring "in early 2018" and unspecified harassment that occurred "for the next six months." Cmplt. ¶ 5. Thus, Plaintiff was required to file her complaint, at the latest, by some time in 2021. As the Complaint was not filed until April 2023, the claims against Officer Hannah are time barred.

Honorable Kenneth M. Karas
May 24, 2024
Page 4

Respectfully,

*Elizabeth Wolstein*

Elizabeth Wolstein

cc: Plaintiff July Justine Shelby, FMC Carswell (by first class mail)
All Counsel of Record (by ECF)