

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

May 24, 2024

**By ECF**

The Honorable Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

    Re:    *Shelby v. Petrucci, et al.*, No. 23 Civ. 4315 (KMK)

Dear Judge Karas:

    This Office represents Defendants Alix McLearen, J.C. Petrucci, William Pliler, Milton Washington, Alphonso Linley, and Bryan Walls (together, "Defendants"), in the above-referenced action brought by plaintiff July Justine Shelby ("Plaintiff"). Pursuant to Your Honor's Individual Practices, Defendants write to inform the Court of their intent to file a motion to dismiss the Second Amended Complaint ("SAC"), ECF No. 41, under Federal Rules of Civil Procedure 12(b)(6), and to respectfully to request a pre-motion conference regarding Defendants' anticipated motion. The contemplated motion is outlined below.

**The Second Amended Complaint**

    Plaintiff, an inmate currently incarcerated at Federal Medical Center ("FMC") Carswell, alleges that her Eighth Amendment rights were violated while she was incarcerated at Federal Correctional Institution ("FCI") Otisville and Metropolitan Detention Center ("MDC") Brooklyn. Plaintiff alleges that Wardens Pliler and Petrucci, wardens at FCI Otisville, violated Plaintiff's Eighth Amendment rights by "failing to fully carry out [their] responsibilities to [their] staff and minding [their] duties to protect the inmate population." SAC at 3. Plaintiff alleges that Health Service Administrator Bryan Walls and Dr. Alphonso Linley were not sufficiently trained in treating patients with gender dysphoria and were thus unable to provide appropriate medical care to Plaintiff, a transgender inmate with gender dysphoria. *Id.* at 3-4. Plaintiff also claims that Dr. Linley did not provide adequate care in treating Plaintiff's Covid-19. *Id.* at 4.

    Plaintiff alleges that Warden Washington, the warden at MDC Brooklyn, failed to protect Plaintiff from an alleged beating and rape by another inmate that occurred while Plaintiff was housed at MDC Brooklyn. Finally, Plaintiff alleges that Dr. Alix McLearen, the chair of the Transgender Executive Counsel ("TEC") at the Bureau of Prisons ("BOP") at the relevant time, violated Plaintiff's constitutional rights by transferring Plaintiff to a different prison where she felt threatened and failing to transfer her to a female facility. SAC at 7-8. Plaintiff seeks damages for these alleged constitutional violations by the Defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* ("*Bivens*").

**Plaintiff's Claims Present a New *Bivens* Context and Must Be Dismissed**

Plaintiff's *Bivens* claims must be dismissed. Although 42 U.S.C. § 1983 provides damages for constitutional violations by state officials, "Congress did not create an analogous statute for federal officials." *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). In *Bivens*, the Supreme Court recognized an implied cause of action against federal agents for alleged Fourth Amendment violations stemming from an unlawful search and seizure. 403 U.S. 388 (1971). The Supreme Court subsequently extended the *Bivens* cause of action to two other contexts. In *Davis v. Passman*, 442 U.S. 228 (1979), the plaintiff alleged sex discrimination under the Fifth Amendment. In *Carlson v. Green*, 446 U.S. 14 (1980), the plaintiff alleged cruel and unusual punishment in violation of her son's Eighth Amendment rights.

Although a *Bivens* action still arguably exists in these three contexts, "the Court has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at 135. Instead, the Court views "prescribing a cause of action [a]s a job for Congress, not the courts." *Egbert v. Boule*, 596 U.S. 482, 486 (2022). Indeed, the Court has "consistently rebuffed requests to add to the claims allowed under *Bivens*" for more than forty years, and "ha[s] gone so far as to observe that if 'the Court's three *Bivens* cases [had] been . . . decided today,' it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, 140 S. Ct. 735, 742–43 (2020) (quoting *Abbasi*, 582 U.S. at 134). It is within this context that the Court must evaluate any constitutional claims brought by Plaintiff that may be construed as *Bivens* claims.

A *Bivens* analysis requires "a two-step inquiry." *Id.* at 743. The first inquiry is "whether the request involves a claim that arises in a 'new context' or involves a 'new category of defendants.'" *Id.* (quoting *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 68 (2001)). "New context" is broadly construed to mean "different in a meaningful way from previous *Bivens* cases." *Id.* (quoting *Abbasi*, 582 U.S. at 139). In *Abbasi*, the Supreme Court introduced an instructive, though non-exhaustive, list of meaningful differences, including "the rank of the officers involved [and] the constitutional right at issue." 582 U.S. at 139–40.

If the claim does arise in a new context, the analysis proceeds to the second inquiry, which "ask[s] whether there are any 'special factors [that] counse[l] hesitation' about granting the extension" of *Bivens* to this new context. *Hernandez*, 140 S. Ct. at 743 (quoting *Abbasi*, 582 U.S. at 136). Again, the Supreme Court has not endeavored to provide an exhaustive list of "special factors," but has explained that extension may be precluded by, for example, the existence of "an alternative remedial structure." *Abbasi*, 582 U.S. at 137; *see also Egbert*, 596 U.S. at 493 (explaining that the existence of "alternative remedial structures" "is reason enough" to constrain the Judiciary's ability to infer a new *Bivens* cause of action). In *Egbert*, the Court revisited the two-step inquiry, explaining that "those steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." 596 U.S. at 496. Moreover, the "uncertainty alone" of the "consequences of recognizing a cause of action under *Bivens* . . . is a special factor that forecloses relief." *Id.* at 493.

Plaintiff's claims differ substantially from previous recognized *Bivens* contexts. Although *Carlson* involved Eighth Amendment claims, Plaintiff's claims are not similar to those raised in *Carlson*. First, any allegations relating to Plaintiff's dissatisfaction with the treatment at Otisville or the facility and/or cell in which Plaintiff was housed, relate to the conditions of Plaintiff's

confinement. But there is no recognized *Bivens* action for Eighth Amendment conditions-of-confinement claims. *See Crespo v. Hurwitz*, 2020 WL 7021658, at *5 (E.D.N.Y. Nov. 30, 2020); *see also Nasiruddin v. Pliler*, No. 21 Civ. 7044 (CS), 2024 WL 2262664, at *10 (S.D.N.Y. May 17, 2024) ("Because *Bivens* does not extend to Plaintiff's non-medical conditions of confinement claim, it too must be dismissed."). Thus, any non-medical conditions-of-confinement claims against the Defendants must be dismissed.

Second, to the extent Plaintiff's claims relate to the Defendants' failure to protect her from attack by another inmate, that situation different substantially from *Carlson*, which involved the medical treatment received by an inmate. *See Johnson v. Santiago*, 624 F. Supp. 3d 295, 300 (E.D.N.Y. 2022).

Finally, to the extent Plaintiff is bringing claims relating to the treatment of her gender dysphoria, those too differ from *Carlson*. Plaintiff merely alleges that Defendants, and the BOP in general, were not as well-equipped to deal with transgender issues or gender dysphoria as Plaintiff would have liked. This is nothing like the situation in *Carlson*, which involved an inmate in acute distress seeking medical care. Here, Plaintiff simply alleges that Walls and Linley were not very experienced with giving gender affirming care to transgender inmates and claims that Dr. Linley did not treat Plaintiff's Covid-19 effectively. These claims are plainly new contexts.

Special factors also counsel against recognizing *Bivens* claims here. In *Egbert*, the Supreme Court clearly articulated the principle that the presence of "alternative remedial structures" alone is a special factor counseling hesitation. 596 U.S. at 493. The Federal Tort Claims Act ("FTCA"), the BOP's Administrative Remedy Program, or a petition for a writ of habeas corpus, are three such alternative remedial structures available to Plaintiff. *See Edwards v. Gizzi*, No. 20 Civ. 7371 (KMK), 2022 WL 309393, at *9 (S.D.N.Y. Feb. 2, 2022) (finding "the existence [of the] FTCA to be a special factor counseling hesitation in extending *Bivens*"). Accordingly, because Plaintiff's claims present new contexts and special factors counsel hesitation, any *Bivens* claims must be dismissed.

### The Complaint Fails to State a Claim

To bring an adequate Eighth Amendment claim, inmates must satisfy (1) an objective test that the actual deprivation imposed a "substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and (2) a subjective test that prison officials had a "sufficiently culpable state of mind," *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), which can be met with a showing of deliberate indifference. The allegations in the Complaint fail to meet this stringent standard. The Complaint states in only conclusory terms that Pliler and Petrucci "violated Shelby's Eighth Amendment Right" without any detail about the actions they took or their motives for doing so. With respect to Walls and Linley, Plaintiff merely alleges disagreements with their treatment or a most negligence, which is insufficient to state a claim. *Hathaway v. Coughlin*, 99 F.3d 550, 552 (2d Cir. 1996). And with respect to Washington and McLearen, Plaintiff does not even allege that either Defendant knew about the alleged attack at MDC and therefore does not plead deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Complaint thus fails to state a claim under the Eighth Amendment.

I thank the Court for its consideration of this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By:    /s/ *Dana Walsh Kumar*
Dana Walsh Kumar
Assistant United States Attorney
Tel.: (212) 637-2741
Dana.Walsh.Kumar@usdoj.gov

cc: <u>By Certified Mail</u>
    July Justine Shelby
    #15472-028
    FMC Carswell
    Federal Medical Center
    P.O. Box 27137
    Fort Worth, TX 76127
    *Pro Se Plaintiff*

<u>By ECF</u>
Silvia Serpe, Esq.
*Counsel for Drew Hanna*

Elizabeth Wolstein, Esq.
*Counsel for Zakkary Hurn*

Bertrand Madsen, Esq.
*Counsel for Eric Christensen*

All Motions to Dismiss are due 7/11/24. Plaintiff's response is due 8/13/24. Defense replies are due 8/27/24. The Clerk is asked to mail a copy of this document to Plaintiff.

So Ordered.

*[signature]*
6/3/24